THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Civil Case No. 1:11cv233
[Criminal Case No. 1:08cr128-7]

| | |
|---|---|
| SEAN ANTHONY ERVIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's Response to Order to Show Timeliness of §2255 Motion [Doc. 4]. The Petitioner also filed a Motion to Appoint Counsel [Doc. 3].

## PROCEDURAL BACKGROUND

On December 3, 2008, the Petitioner was charged in a three count Bill of Indictment with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 & 841(a)(1); possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1); and using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). [Criminal Case No. 1:08cr128-7, Doc. 2]. On February 13, 2009, the Petitioner entered a guilty plea to the conspiracy

count and the firearms charge pursuant to a Plea Agreement with the Government. [Id. at Doc. 114]. On August 25, 2009, the Petitioner was sentenced to 152 months incarceration. [Id. at Doc. 301]. He did not file a Notice of Appeal.

On December 23, 2009, the Petitioner sent a letter to the Clerk of Court for the United States Court of Appeals for the Fourth Circuit inquiring about the status of his direct appeal. [Id. at Doc. 388]. Because there was no record of an appeal in the Petitioner's criminal case, the Fourth Circuit construed his letter as a Notice of Appeal and instructed the sentencing Court to enter the letter as a Notice of Appeal in the Petitioner's criminal case. [Id. at 2]. On February 19, 2010, copies of those documents were mailed to the Petitioner.

The Government then moved to dismiss the appeal as untimely. [Id. At Do. 443]. On September 14, 2010, the Fourth Circuit granted that motion and dismissed the Petitioner's appeal as untimely. [Id.].

The Petitioner delivered this Motion pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to prison authorities for mailing on September 9, 2011. [Doc. 1-1]. The document was received and filed on September 12, 2011. [Doc. 1]. Pursuant

2

to the requirements of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the Court notified the Petitioner that his Motion to Vacate appeared to be untimely under the Antiterrorism and Effective Death Penalty Act ("the AEDPA") and gave him an opportunity to explain why his Motion should not be dismissed. [Doc. 2]. As previously noted, the Petitioner has responded.

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Id. This Court has carefully reviewed the Petitioner's motion as well as the record below and finds that the Petitioner is not entitled to any relief and that the motion should be dismissed as untimely.

## DISCUSSION

The AEDPA imposes a one-year statute of limitations period for the filing of a motion to vacate. 28 U.S.C. § 2255(f). Here, because the Defendant did not file a direct appeal, the statute provides that the period runs from the date on which the judgment of conviction becomes final. 28 U.S.C. §2255(f)(1)

("The limitation period shall run from ... the date on which the judgment of conviction becomes final."). Judgment was entered by this Court on August 25, 2009. [Criminal Case No. 1:08cr128, Doc. 301]. The Petitioner's conviction and sentence became final, for purposes of filing a motion pursuant to §2255, when the time for filing a direct appeal expired; that is, on September 8, 2009. United States v. Simpson, 407 F. App'x 716, 716-17 (4th Cir. 2011) ("At the time Simpson filed his notice of appeal, the applicable rule provided that ... the defendant was accorded ten days after the entry of judgment within which to file his notice of appeal" and noting that effective December 1, 2009 Fed.R.App.P. 4(b) was amended to provide a fourteen day period); United States v. Walters, 176 Fed.Appx. 400 (4th Cir. 2006) (noting ten day period runs from entry of judgment, not service); Fed. R. Crim. P. 45(a) (2009) (excluding intermediate Saturdays, Sundays and legal holidays from computation of filing deadlines when the period is less than 11 days). The Petitioner, therefore, had until September 8, 2010 within which to file a motion to vacate in federal court. §2255(f)(1). The Petitioner delivered this motion to prison authorities for mailing on September 9, *2011*, one year and one day after the deadline had already passed. United States v. Turner, 411 F. App'x 665 (4th Cir. 2011) (because the §2255 movant is incarcerated, the

4

filing is considered to be filed as of the date it was properly delivered to prison officials for mailing to the court) (citing Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Therefore, absent equitable tolling, the Petitioner's motion untimely. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2554, 177 L.Ed.2d 130 (2010) (equitable tolling applies to the AEDPA's statute of limitations).

In order to be entitled to equitable tolling, the Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562. He has done neither. In response to the Order to Show Cause, the Petitioner merely states that his motion to vacate should be considered timely because his trial attorney was ineffective by failing to file his direct appeal. [Doc. 4]. The Petitioner, however, became aware that no appeal had been filed when he was notified in February 2010 that the Fourth Circuit Court of Appeals had construed his December 23, 2009 letter as a Notice of Appeal. Even if it were appropriate to equitably toll the time between final Judgment on September 8, 2009 and the Petitioner's discovery in February 2010 that counsel had not filed a notice of appeal, he has provided no explanation as to how counsel's misconduct prevented him from filing a §2255 motion within one year of

5

having received that notice. Randle v. Crawford, 604 F.3d 1047, 1057-58 (9th Cir. 2010), cert. denied 131 S.Ct. 474, 178 L.Ed.2d 301 (2010) (rejecting petitioner's argument that trial counsel's alleged failure to perfect direct appeal tolled the statute of limitations).

The fact that the Petitioner filed the §2255 motion within one year after the Fourth Circuit granted the Government's motion to dismiss his appeal is of no benefit to him. The statute of limitations began to run on September 8, 2009 when his conviction became final, not on September 14, 2010 when the Fourth Circuit dismissed his appeal as untimely. Randle, 604 F.3d at 1054-55 (holding that the challenged state conviction became final when the time for filing a timely notice of appeal expired and not on the later date when the state supreme court dismissed the appeal as untimely); United States v. Plascencia, 537 F.3d 385, 387-90 (5th Cir. 2008) (holding that when a federal defendant fails to file a timely notice of appeal from his conviction, the conviction becomes final for purposes of § 2255 upon the expiration of the period for filing a direct appeal, not upon the appellate court's rejection of the defendant's motion to file an out-of-time appeal); United States v. Prows, 448 F.3d 1223, 1227–28 (10th Cir. 2006) (holding that an unappealed criminal conviction becomes final when the time for taking a direct appeal expires);

6

Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (same); Sanchez-Castellano v. United States, 358 F.3d 424, 427-28 (6th Cir. 2004) (same). Moreover, mere ignorance of the law does not warrant equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling") (citations omitted); United States v. Oriakhi, 394 F. App'x 976 (4th Cir. 2010), cert. denied 528 U.S. 1091, 120 S.Ct. 825, 145 L.Ed.2d 694 (2000) (unfamiliarity with legal process or ignorance of the law does not support equitable tolling for late §2255 motion) (citing Harris v. Hutchinson, 209 F.3d 325, 330-31).

The Court has considered the Petitioner's motion, any attached exhibits, and the record of the prior proceedings. The Court finds that the Petitioner is not entitled to relief and therefore the motion must be dismissed as untimely. Because the Petitioner's motion is untimely, his motion for appointment of counsel is moot.

The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted).  As a result, the Court declines to issue a certificate of appealability.  Rule 11(a), <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that the Petitioner's Motion to Appoint Counsel [Doc. 3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

Signed: October 25, 2011

Martin Reidinger
United States District Judge