**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL CASE NO. 1:08cr128-1**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **GLENDA ALBRIGHT ADAMS.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's motion for reconsideration [Doc. 595].

**I.      PROCEDURAL BACKGROUND**

On December 3, 2008, the Defendant was charged with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a) and 846.  [Doc. 2].  On February 25, 2009, the Defendant pled guilty to the conspiracy offense in accordance with a written plea agreement in which the parties stipulated that the Defendant was responsible for at least 50 grams but less than 150 grams of cocaine base.  [Doc. 119].

The Defendant's preliminary Guidelines range of imprisonment, based on a total offense level of 27 and a criminal history category of II, was between 78 and 97 months.  However, the Defendant was subject to a

mandatory minimum sentence of ten years' imprisonment. <u>See</u> 21 U.S.C. § 841(b)(1)(A) (2009). Prior to sentencing, the Government filed a motion seeking a downward departure pursuant to U.S.S.G. § 5K1.1 to reflect the Defendant's substantial assistance. [Doc. 246]. At sentencing, the Court granted the Government's motion, and the Defendant was sentenced to a term of 97 months' imprisonment, at the high end of the preliminary Guidelines range. [Doc. 256].

On June 3, 2012, the Defendant filed a motion through counsel for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the United States Sentencing Guidelines regarding crack cocaine offenses. [Doc. 552]. On August 10, 2012, the Court entered an Order denying the Defendant's motion. [Doc. 581].

On August 28, 2012, the Defendant filed the present Motion, seeking reconsideration of the Court's Order denying a reduction of her sentence. [Doc. 595].

## II.    DISCUSSION

Section 3582(c)(2) of Title 18 provides that in the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission,"

the Court may reduce the term of imprisonment, "after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).

In the present case, under U.S.S.G. § 2D1.1(c), as amended, the Defendant's total offense level was a level 25.  Id. § 2D1.1(c) (2011).  Based on an amended total offense level of 25 and a criminal history category of II, the preliminary Guidelines range of imprisonment is between 63 and 78 months.  Even under the amended Guidelines, however, the Defendant's Guideline term was still 120 months, pursuant to U.S. Sentencing Guidelines § 5G1.1(b).  In other words, the amended Guidelines did not impact the applicability of the minimum sentence mandated by statute.  Because Amendment 750 did not lower the statutory mandatory minimum term of imprisonment applicable to the Defendant, she was not eligible for a reduced sentence under § 3582(c)(2).  United States v. Hood, 556 F.3d 226, 232-37 (4th Cir. 2009); United States v. Freeman, No. 4:06CR00016, 2012 WL 178354, at *6 (W.D. Va. Jan. 23, 2012), aff'd, 474 F. App'x 180 (4th Cir. 2012).

Because the Defendant is not eligible for a sentence reduction under Amendment 750, the Court properly denied the Defendant's motion for a reduction of sentence. The Defendant's motion for reconsideration is therefore denied.

**IT IS, THEREFORE, ORDERED** that Defendant's motion for reconsideration [Doc. 595] is **DENIED**.

**IT IS SO ORDERED**.

Signed: September 13, 2012

Martin Reidinger
United States District Judge